# Supreme Court of Florida

No. SC2024-0883

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.116 AND 3.132.**

April 3, 2025

PER CURIAM.

The Criminal Court Steering Committee (CCSC) filed a report proposing amendments to Florida Rule of Criminal Procedure 3.132 (Pretrial Detention).[1]  The report was in response to a referral letter from the Court asking the CCSC to consider amendments to rule 3.132 in light of recent changes to section 907.041, Florida Statutes.  *See* ch. 2023-27, § 4, Laws of Fla.  These changes went into effect January 1, 2024.

After considering the CCSC's report, the comments received, the CCSC's response to the comments, and the oral argument held on February 6, 2025, we hereby amend rule 3.132 as proposed by

---

 1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140.

the CCSC in its response to comments, with slight modification. As rewritten today, the rule requires that a person arrested for a dangerous crime as defined by section 907.041 must not be released from jail before first appearance. It sets out what a motion for pretrial detention must contain, when such motion can be made and heard, and the circumstances under which a hearing on such motion can be continued. The rule enumerates custody and release conditions; identifies which judge shall hear the motion; and describes the defendant's rights at the hearing, the evidence required at the hearing, how communication technology may be used, and the burden of proof to be borne by the State at the hearing. And the rule outlines what an order granting or denying pretrial detention must provide, and the circumstances under which it may be reconsidered by the court. A short note is added to explain the revision of the rule.

In adopting these amendments, we modify the CCSC's updated proposal in several respects. In new subdivision (e) (Continuances), the rule allows either party to seek a continuance. A party may obtain a continuance for more than five days if the court finds such a delay to be justified by extenuating

circumstances; or the parties may obtain a continuance for more than five days by agreement, with court approval. We adopt a shorter and modified version of the CCSC's proposed note regarding these amendments. Based on the changes to rule 3.132, we also amend rule 3.116(b) (Use of Communication Technology; Generally) to add 3.132(j) to the list of rules governing their own use of audio-video communication technology.

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective May 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, Judge Thomas D. Winokur, on behalf of the Criminal Court Steering Committee, Tallahassee, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Ross Weiner, Fort Lauderdale, Florida; Stacy Scott, President, Florida Public Defender Association, Inc., Gainesville, Florida, and Robert Porter, Assistant Public Defender, Fifteenth Judicial Circuit of Florida, on behalf of the Florida Public Defender Association, Inc., West Palm Beach, Florida; Carlos J. Martinez, Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida, John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida, and Andrew Stanton, Assistant Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida; Jason Cromey of Cromey Law, P.A., on behalf of the Florida Association of Criminal Defense Lawyers, Pensacola, Florida; Judge Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida; James Uthmeier, Attorney General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, Bridget K. O'Hickey, Deputy Solicitor General, Darrick W. Monson, Assistant Solicitor General, Office of the Attorney General, Tallahassee, Florida; and Douglas A. Wyler of Jacobs Scholz & Wyler, LLC, on behalf of the Florida Prosecuting Attorneys Association, Inc., Fernandina Beach, Florida, and Abraham R. Thornburg, Assistant State Attorney, Twentieth Judicial Circuit of Florida, on behalf of the Florida Prosecuting Attorneys Association, Inc., Fort Myers, Florida,

Responding with comments

## RULE 3.116.  USE OF COMMUNICATION TECHNOLOGY

**(a)**  [No Change]

**(b)  Generally.** Use of communication technology in proceedings subject to the Florida Rules of Criminal Procedure is governed by this rule, except that rules 3.130(a), <u>3.132(j),</u> 3.160(a), 3.180(b), 3.220(h), and 3.851(f) govern the use of audio-video communication technology in the manner authorized by those rules.

**(c) – (e)**  [No Change]

## WORKGROUP ON THE CONTINUITY OF COURT OPERATIONS AND PROCEEDINGS DURING AND AFTER COVID-19 NOTE

[No Change]

## RULE 3.132.  PRETRIAL DETENTION

~~**(a)  Motion Filed at First Appearance.** A person arrested for an offense for which detention may be ordered under section 907.041, Florida Statutes, shall be taken before a judicial officer for a first appearance within 24 hours of arrest. The state may file with the judicial officer at first appearance a motion seeking pretrial detention, signed by the state attorney or an assistant, setting forth with particularity the grounds and the essential facts on which pretrial detention is sought and certifying that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion. If no such motion is filed, the judicial officer may inquire whether the state intends to file a motion for pretrial detention, and if so, grant the state no more than three days to file a motion under this subdivision. Upon a showing by the state of probable cause that the defendant committed the offense and exigent circumstances, the defendant shall be detained in custody pending the filing of the motion. If, after inquiry, the State indicates it does not intend~~

to file a motion for pretrial detention, or fails to establish exigent circumstances for holding defendant in custody pending the filing of the motion, or files a motion that is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b). If the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person may be detained in custody pending a final hearing on pretrial detention. If probable cause is established after first appearance pursuant to the provisions of rule 3.133 and the person has been released from custody, the person may be recommitted to custody pending a final hearing on pretrial detention.

**(b)  Motion Filed after First Appearance.** A motion for pretrial detention may be filed at any time prior to trial. The motion shall be made to the court with trial jurisdiction. On receipt of a facially sufficient motion and a determination of probable cause, unless otherwise previously established, that an offense eligible for pretrial detention has been committed, the following shall occur:

(1)  In the event of exigent circumstances, the court shall issue a warrant for the arrest of the named person, if the person has been released from custody. The person may be detained in custody pending a final hearing on pretrial detention.

(2)  In the absence of exigent circumstances, the court shall order a hearing on the motion as provided in (c) below.

**(c)  Final Order.**

(1)  *Hearing Required.* A final order of pretrial detention shall be entered only after a hearing in the court of trial jurisdiction. The hearing shall be held within 5 days of the filing of the motion or the date of taking the person in custody pursuant to a motion for pretrial detention, whichever is later.

The state attorney has the burden of showing beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in section 907.041, Florida Statutes. The defendant may request a continuance. The state shall be entitled to 1 continuance for good cause. No continuance shall exceed 5 days unless there are extenuating circumstances. The defendant may be detained pending the hearing, but in no case shall the defendant be detained in excess of 10 days, unless the delay is sought by the defendant. The person sought to be detained is entitled to representation by counsel, to present witnesses and evidence, and to cross-examine witnesses. The court may admit relevant evidence and testimony under oath without complying with the rules of evidence, but evidence secured in violation of the United States Constitution or the Constitution of the State of Florida shall not be admissible. A final order of pretrial detention shall not be based exclusively on hearsay evidence. No testimony by the defendant shall be admissible to prove the guilt of the defendant at any other judicial proceeding, but may be admitted in an action for perjury based on the defendant's statements made at the pretrial detention hearing or for impeachment.

(2) *Findings and Conclusions to Be Recorded.* The court's pretrial detention order shall be based solely on evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within 24 hours of the pretrial detention hearing.

(3) *Dissolution of Order.* The defendant shall be entitled to dissolution of the pretrial detention order whenever the court finds that a subsequent event has eliminated the basis for detention.

(4) *Further Proceedings on Order.* If any trial court enters a final order of pretrial detention, the defendant may obtain review by motion to the appropriate appellate court. If motion for review is taken to the supreme court or the district court of appeal, notice and a copy of the motion shall be served on the attorney general and the state attorney; if review is taken to the circuit court, service shall be on the state attorney.

- 7 -

**(a)    First Appearance Required for Dangerous Crimes.** A person arrested for a dangerous crime listed in section 907.041, Florida Statutes, must not be released from jail before his or her first appearance.

**(b)    Contents of Motion.** A motion for pretrial detention must be in writing and must set forth with particularity the grounds and the essential facts on which it is based.

**(c)    Time for Motion.** A motion for pretrial detention may be filed any time before trial.

**(d)    Time for Hearing.** If a judge determines there is probable cause to believe the defendant committed a capital felony, a life felony, or a first-degree felony, listed as a dangerous crime in section 907.041, Florida Statutes, a pretrial detention hearing must be held within 5 days after first appearance, or, if there is no first appearance, within 5 days after arraignment. Otherwise, the hearing must be held within 5 days after the filing of a motion for pretrial detention.

**(e)    Continuances.** Either the state or the defendant may seek a continuance. The state must show good cause for a continuance. A continuance may not exceed 5 days unless the court finds that extenuating circumstances justify any further delay, or upon agreement of the parties with approval of the court. The state may not be granted more than one continuance.

**(f)    Custody; Release Conditions.**

(1)    *Dangerous Crime.* At first appearance, a judge must not grant nonmonetary pretrial release if there is probable cause to believe the defendant committed a dangerous crime listed in section 907.041, Florida Statutes. After first appearance and after a finding of probable cause, a person arrested for a dangerous crime listed in section 907.041, Florida Statutes, may not be released on nonmonetary conditions under the supervision of a pretrial release service unless the service certifies to the court

that it has investigated or otherwise verified the conditions set forth in section 907.041(3)(b), Florida Statutes.

(2) *Pretrial Detention Motion Filed at First Appearance.* The defendant may be held in custody pending the completion of a detention hearing if there is probable cause for the arrest and if the state filed a motion for pretrial detention at first appearance.

(3) *State Announces at First Appearance its Intent to Move for Pretrial Detention.* If there is probable cause for the arrest, a defendant may be held in jail for up to 4 days if the state informs the judge at first appearance that it intends to file a motion for pretrial detention under section 907.041, Florida Statutes. If the state does not file a motion for pretrial detention within the 4 days, a judge must determine conditions of release or continued detention under rule 3.131.

(4) *State Does Not Announce Intent to Move for Pretrial Detention at First Appearance.* If there is probable cause for the arrest and if the state does not inform the judge at first appearance that it intends to file a motion for pretrial detention under section 907.041, Florida Statutes, the judge must determine conditions of release or continued detention under rule 3.131.

(5) *Pretrial Detention Motion Filed After First Appearance.* If the state filed a motion for pretrial detention after first appearance and if there is probable cause to believe the defendant committed the crime for which pretrial detention is sought, the defendant may be held in custody pending the completion of the detention hearing, or the judge may issue either an order to appear or a warrant. The defendant may be held in custody pending the completion of the detention hearing if he or she were arrested on a warrant issued under this subdivision. For a defendant out of custody, if the state is pursuing pretrial detention under section 907.041, Florida Statutes, the state does not need to show good cause as required by rule 3.131(d).

(6) *Bail Pending Hearing.* If a defendant is released on bail for a dangerous crime that is a capital felony, a life felony, or a

first-degree felony pending the completion of a detention hearing, the court must inform the defendant that if a surety bond is used to satisfy the monetary component of pretrial release and the motion for pretrial detention is subsequently granted, the defendant will not be entitled to return of the premium on the surety bond.

**(g)    Jurisdiction.** A motion for pretrial detention must be heard by a judge with jurisdiction to conduct the defendant's trial.

**(h)    Rights at Hearing.** The defendant is entitled to representation by counsel, to present witnesses and evidence, and to cross-examine witnesses who testify at the detention hearing. No testimony by the defendant shall be admissible to prove guilt at any other judicial proceeding, but such testimony may be admitted in an action for perjury, based upon the defendant's statements made at the detention hearing, or for impeachment.

**(i)    Evidence.** Evidence secured in violation of the United States Constitution or the Constitution of the State of Florida is inadmissible. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.

**(j)    Communication Technology.** A judge may allow testimony using communication technology upon a showing of good cause. Oaths must be administered in accordance with Florida Rule of General Practice and Judicial Administration 2.530.

**(k)    Burden of Proof.** The state bears the burden of proving the need for pretrial detention under the substantial probability in section 907.041, Florida Statutes.

**(*l*)    Order.**

(1)    *Hearing Required.* An order granting or denying pretrial detention must be issued after a hearing.

(2)    *Findings.* The order may be based solely on hearsay but must be based solely upon evidence introduced at the hearing and must be supported by findings of fact and conclusions of law. The order must be made either in writing or orally on the record within 24 hours of the conclusion of the hearing.

(3)    *Mandatory Detention Order.* The judge must order pretrial detention if the judge finds a substantial probability the defendant committed a capital felony, a life felony, or a first-degree felony, listed as a dangerous crime in section 907.041, Florida Statutes, and based on the defendant's past and present patterns of behavior, consideration of the criteria in section 903.046, Florida Statutes, and any other relevant facts, that no conditions of release or bail will reasonably protect the community from risk of physical harm, ensure the presence of the defendant at trial, or assure the integrity of the judicial process.

**(m)  Reconsideration.** Either party may move for the order granting or denying pretrial detention to be reconsidered any time before trial if the judge finds that information exists that was not known to the party moving for reconsideration at the time of the hearing and that such information has a material bearing on determining whether there are conditions of release or bail that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community from harm. The defendant is entitled to dissolution of a pretrial detention order if the court finds that a subsequent event eliminated the basis for detention.

### Criminal Court Steering Committee Note

**2025 Amendment.**  Rule 3.132 was substantially revised to reflect chapters 2023-27 and 2024-157, Laws of Florida. Rule 3.132 applies to pretrial detention under section 907.041, Florida Statutes. An example of an extenuating circumstance under rule 3.132(e) is the pretrial confinement of the defendant on other pending charges, or his or her lawful confinement on another basis.